AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

**SEALED**

United States District Court
Southern District of Texas
FILED

NOV - 6 2015

David J. Bradley, Clerk

| | |
|---|---|
| United States of America<br>v.<br><br>Ernesto Hernandez-Montemayor<br>Mexico; YOB 1961<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)  M-15-1937-M<br>)<br>)<br>) |

## AMENDED
## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 2005 to December 2010__ in the county of __Cameron and elsewhere__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C, §§ 1349, 1343 | Defendant did conspire and agree with other persons to execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate or foreign commerce, certain writings, signs, signals and sounds. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

Approved:
Robert Wells AUSA
11/6/2015

*Complainant's signature*

James Lara, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/06/2015  10:05 am

*Judge's signature*

City and state: McAllen, Texas

Peter E. Ormsby
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERNESTO HERNANDEZ MONTEMAYOR,<br><br>Defendant. | Case No. M-15-1937-M<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, James Lara, ("Affiant"), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AFFIANT'S BACKGROUND

1. I am a Special Agent with Homeland Security Investigations ("HSI"). I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for federal felonies.

2. I have been employed by HSI since 2007. During my tenure as an HSI Special Agent, I have participated in numerous criminal investigations involving violent crimes, fugitive apprehensions, white collar crime, as well as other unlawful activities. I have participated in numerous searches, arrests, and seizure warrants involving a variety of offenses. I am currently assigned to the Brownsville, Texas Division of HSI

3. I make this affidavit in support of a criminal complaint and arrest warrant related to fraud and money laundering by the defendant, **ERNESTO HERNANDEZ MONTEMAYOR ("HERNANDEZ")**. The information contained in this affidavit is based

1

upon my personal knowledge, as well as information obtained from other sources, including (a) statements made or reported by various witnesses, including cooperating witnesses, with knowledge of relevant facts; (b) my review of publicly available information relating to **HERNANDEZ** and other relevant individuals and entities; (c) documents obtained from various sources; and (d) discussions with other law enforcement officials. I have limited this affidavit to those facts necessary to support a finding of probable cause that **HERNANDEZ** violated Title 18, United States Code, Section 1349 (conspiracy to commit Wire Fraud). Accordingly, this affidavit does not include a complete recitation of the entire investigation or of each and every fact and matter observed by or known to law enforcement relating to the subject matter of this investigation. Additionally, unless otherwise noted, wherever in this affidavit I assert that a statement was made by an individual, that statement is described in substance and in part, and is not intended to be a verbatim recitation of the entire statement made by the individual.

## PROBABLE CAUSE

### *Entities and Individuals*

4. El Gobierno de Tamaulipas (the "Tamaulipas Government") is the government of one of the thirty-one states that comprise Mexico.

5. "Aviation Corporation A" was a United States company, located in the Southern District of Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to the Tamaulipas Government.

6. Cooperating Witness 1 ("CW1") is a citizen of the United States and resident of Texas. At all relevant times, CW1 was an employee of Aviation Corporation A. CW1 has agreed in principle to a cooperating plea agreement that would permit for the government to

2

recommend a reduced sentence if CW1 truthfully and substantially assists the government's investigation.

7. Cooperating Witness 2 ("CW2") is a citizen of the United States and a resident of Texas. At all relevant times, CW2 was an employee of Aviation Corporation A. CW2 has agreed in principle to a cooperating plea agreement that would permit for the government to recommend a reduced sentence if CW2 truthfully and substantially assists the government's investigation.

8. Witness 3 is a citizen of the United States and a resident of Texas. At all relevant times, Witness 3 was an employee of Aviation Corporation A.

9. Defendant **HERNANDEZ** was an employee of the Tamaulipas Government with responsibility for maintaining the Tamaulipas Government's aircraft between in or around 2005 through in or around December 2010.

10. **HERNANDEZ** was a signatory on bank accounts at the Lone Star National Bank in the Southern District of Texas.

### *The Kickback Payments and the Scheme to Defraud*

11. CW1 told the government that the Tamaulipas Government has been a customer of Aviation Corporation A since at least approximately 1975. According to CW1 and CW2, **HERNANDEZ** was the Chief Pilot for the Tamaulipas Government from approximately 2005 to 2010, and represented the Tamaulipas Government in all aviation maintenance matters. According to CW1 and CW2, they reached an agreement with **HERNANDEZ** to pay **HERNANDEZ** kickbacks on sales that Aviation Corporation A made to the Tamaulipas Government. CW1 and CW2 told the government that Aviation Corporation A would increase the prices it charged the Tamaulipas Government to include the money that Aviation Corporation

A promised to **HERNANDEZ**, and that Aviation Corporation A deposited kickback payments into **HERNANDEZ**'s bank account at Lone Star National Bank in the Southern District of Texas. CW2 told the government that he spoke with **HERNANDEZ** about the kickback payments in person and over the telephone within the Southern District of Texas.

12. The information provided by CW1 and CW2 is corroborated by documents, bank records, and information provided by other witnesses.

13. For example, Witness 3 told the government that he would add amounts to invoices to the Tamaulipas Government to cover the cost of the kickbacks to **HERNANDEZ**.

14. In addition, Aviation Corporation A gave to the government copies of Aviation Corporation A's invoices to customers, including an invoice dated March 1, 2007 that shows the Tamaulipas Government as Aviation Corporation A's customer and includes total charges of $150,000. Bank records show that Aviation Corporation A received $150,000 from the Tamaulipas Government via a wire payment received on or about March 12, 2007. Bank records also show that on or about March 14, 2007, Aviation Corporation A made a $140,000 payment to **HERNANDEZ** into **HERNANDEZ**'s bank account at Lone Star National Bank in the Southern District of Texas.

15. Bank records show multiple other instances where the Tamaulipas Government made a wire payment to Aviation Corporation A's bank account in Texas and Aviation Corporation A made a payment to **HERNANDEZ** shortly thereafter.

16. For example, bank records show that Aviation Corporation A's bank account in Texas received a $68,107 wire payment from the Tamaulipas Government on or about May 14, 2010, and Aviation Corporation A made a $40,000 payment to **HERNANDEZ** on or about May 17, 2010.

17. Bank records show that Aviation Corporation A's bank account in Texas received a $58,141 wire payment from the Tamaulipas Government on or about July 12, 2010, and Aviation Corporation A made a $40,000 payment to **HERNANDEZ** on or about July 14, 2010.

18. Bank records show that show that Aviation Corporation A's bank account in Texas received an $82,232 wire payment from the Tamaulipas Government on or about December 13, 2010, and Aviation Corporation A made a $35,000 payment to **HERNANDEZ** on or about December 22, 2010.

### CONCLUSION

19. Based on the forgoing, I believe that probable cause exists to issue a criminal complaint and arrest warrant charging **ERNESTO HERNANDEZ MONTEMAYOR** with violating Title 18, United States Code, Section 1349 (conspiracy to commit Wire Fraud).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

_____
James Lara
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on _____November 6_____, 2015

_____
UNITED STATES MAGISTRATE JUDGE

5