United States Courts
Southern District of Texas
FILED
NOV 27 2015
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| ERNESTO HERNANDEZ - MONTEMAYOR | § | UNDER SEAL |
| | § | |
| | § | |
| Defendant. | § | |



Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

## CRIMINAL INFORMATION

The United States charges that:

### General Allegations

1. "The Foreign State Government" was the government of one of the thirty-one states that comprise Mexico. The Foreign State Government was a "foreign government," and an "agency" and "department" of a foreign government, as those terms are used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2).

2. The defendant, **ERNESTO HERNANDEZ MONTEMAYOR** (**"HERNANDEZ"**), was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft from at least in or around 2005 through in or around December 2010. Thus, from at least in or around 2005 through in or around December 2010, **HERNANDEZ** was a "foreign official," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

3. "Foreign State Government Employee 1" was an employee of The Foreign State Government from in or around 2005 to in or around December 2010.

4. "Aviation Corporation A" was a United States company, headquartered in Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government. Thus, at all relevant times, Aviation Corporation A was a "domestic concern," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

5. "Executive 1" was a citizen of the United States and a resident of Texas. Executive 1 was an employee of Aviation Corporation A from in or around 1975 to at least in or around September 2015. Executive 1 was an owner of Aviation Corporation A from in or around 1993 through in or around 2010. Thus, at all relevant times, Executive 1 was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

6. "Executive 2" was a citizen of the United States and a resident of Texas. Executive 2 was the Director of Maintenance of Aviation Corporation A from in or around 1978 through at least in or around September 2015. Executive 2 was an owner of Aviation Corporation A from in or around 1993 through in or around 2010. Thus, at all relevant times, Executive 2 was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

7. "Aviation Corporation B" was a United States company, headquartered in Houston, Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government. Thus, at all relevant times, Aviation Corporation B was a "domestic concern," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

8. "Executive 3" was a citizen of the United States and a resident of Texas. Executive 3 was an officer of Aviation Corporation B and an owner of Aviation Corporation B. Thus, at all relevant times, Executive 2 was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

## COUNT 1
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

9. From in or around 2006 through in or around December 29, 2010, the exact dates being unknown, in the Southern District of Texas and elsewhere, the defendant,

**ERNESTO HERNANDEZ MONTEMAYOR,**

knowingly did combine, conspire, confederate, and agree with others known and unknown, including Foreign State Government Employee 1, Executive 1, Executive 2, and Executive 3, to engage in monetary transactions by, through, and to a financial institution, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, that is, the deposit, withdrawal, transfer and exchange of United States currency, funds and monetary instruments, such property having been derived from specified unlawful activity, namely, violations of the Foreign Corrupt Practices Act, Title 15 United States Code, Section 78dd-2, in violation of Title 18 United States Code, Section 1957.

### Manner and Means of the Conspiracy

10. The manner and means by which defendant **HERNANDEZ** and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

11. Defendant **HERNANDEZ**, together with others, including Executive 1, Executive 2, and Executive 3, discussed the payment of bribes to Defendant **HERNANDEZ** in exchange for Defendant **HERNANDEZ**'s assistance in obtaining and retaining business with The Foreign State Government for Aviation Corporation A, Aviation Corporation B, and others.

12. Defendant **HERNANDEZ**, together with others, including Executive 1, Executive 2, and Executive 3, agreed that Aviation Corporation A, Aviation Corporation B, Executive 1, Executive 2, Executive 3, and others would pay bribes to Defendant **HERNANDEZ** in order to obtain and retain business with The Foreign State Government.

13. Defendant **HERNANDEZ**, together with others, assisted Aviation Corporation A, Aviation Corporation B, Executive 1, Executive 2, Executive 3, and others in obtaining and retaining business with The Foreign State Government as a result of the bribery scheme.

14. Defendant **HERNANDEZ**, together with others, including Foreign State Government Employee 1, Executive 1, Executive 2, and Executive 3, caused the Foreign State Government to make payments to the bank accounts of Aviation Corporation A, Aviation Corporation B, and others for goods and services procured as a result of the bribery scheme.

15. Defendant **HERNANDEZ**, together with others, including Foreign State Government Employee 1, Executive 1, Executive 2, and Executive 3, agreed to use the proceeds of the bribery scheme, and did use the proceeds of the bribery scheme, to engage in monetary transactions from U.S. bank accounts that were of a value greater than $10,000.

16. Defendant **HERNANDEZ**, together with others, agreed to use the proceeds of the bribery scheme, and did use the proceeds of the bribery scheme, to transfer amounts greater than $10,000 to the bank account of Foreign State Government Employee 1 for his role in the bribery scheme.

All in violation of Title 18, United States Code, Section 1956(h).

| ANDREW WEISSMANN<br>CHIEF, FRAUD SECTION | KENNETH MAGIDSON<br>UNITED STATES ATTORNEY |
|---|---|
| *(signature)* | *(signature)* |
| Christopher Cestaro<br>Kevin R. Gingras<br>Trial Attorneys<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Tel.: (202) 714-0735 | Jesse Salazar<br>Assistant United States Attorney<br>Southern District of Texas<br>Tel.: (956) 992-9424 |