

United States District Court
Southern District of Texas
FILED

DEC 0 9 2015

David J. Bradley, Clerk of Court

**Sealed**

Public and unofficial staff access
to this instrument are
prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| ERNESTO HERNANDEZ MONTEMAYOR, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney

for the Southern District of Texas, and Jesse Salazar, Assistant United States Attorney, and

Andrew Weissmann, Chief of the Fraud Section of the Criminal Division of the United States

Department of Justice ("Fraud Section"), and Christopher Cestaro and Kevin R. Gingras, Trial

Attorneys, Fraud Section, and Defendant, Ernesto Hernandez Montemayor ("Defendant"), and

Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of

Criminal Procedure, state that they have entered into an agreement, the terms and conditions of

which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to Count One of the Information.  Count One

charges Defendant with conspiracy, in violation of Title 18, United States Code, Section 1956(h),

to engage in monetary transactions in property derived from violations of the Foreign Corrupt

Practices Act, Title 15 United States Code, Section 78dd-2 ("FCPA"), a violation of Title 18,

United States Code, Section 1957(a).  Defendant, by entering this plea, agrees that he is waiving

any right to have the facts that the law makes essential to the punishment either charged in an

Indictment or proven to a jury or judge beyond a reasonable doubt.

**Punishment Range**

2.      The statutory maximum penalty for a violation of Title 18, United States Code, Section 1956(h) with a Title 18, United States Code, Section 1957(a) object is a term of imprisonment of not more than ten years and a fine of not more than $250,000 or twice the amount of the criminally derived property.  Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.  *See* Title 18, United States Code, Sections 3571(b)(3), 1957(b), and 3583(b)(2).  Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.  *See* Title 18, United States Code, Sections 3559(a) and 3583(e)(3).  Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.

**Immigration Consequences**

4.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5.      The parties understand this Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas and the Fraud Section. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.      Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, violations of money launderings and the FCPA. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)     Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas, and the United States Department of Justice, Criminal Division, Fraud Section, and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete, and accurate information

and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Agreement and that he cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

7.     Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined, except Defendant may appeal a sentence above the statutory maximum penalty for the offense charged in Count One of the Information. Additionally, Defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

8.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing

range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

10.      The United States agrees to each of the following:

(a)      At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(b)      If Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

### Agreement Binding Only Southern District of Texas and U.S. Department of Justice, Criminal Division, Fraud Section

11.      The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This

Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas;

the United States Department of Justice, Criminal Division, Fraud Section; and Defendant. It does

not bind any other United States Attorney or any other component or unit of the Department of

Justice. The United States will bring this Plea Agreement and the full extent of Defendant's

cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under the

Sentencing Guidelines. Specifically, the United States reserves the right to:

> (a)     Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

> (b)     Set forth or dispute sentencing factors or facts material to sentencing;

> (c)     Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

> (d)     File a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, United States Code, Section 3553(a); and

> (e)     Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.     Defendant is aware that the sentence will be imposed after consideration of the

Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States

Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has

authority to impose any sentence up to and including the statutory maximum set for the offense(s)

to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion

of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.

Defendant understands and agrees the parties' positions regarding the application of the

Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### Waiver of Rights

14.     Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a)     Defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. Defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

(b)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(c)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(d)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

15.      Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One of the Information.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  The following facts, among others, would be offered to establish Defendant's guilt:

"The Foreign State Government" was the government of one of the thirty-one states that comprise Mexico.

From in or around 2005 to in or around December 2010, **ERNESTO HERNANDEZ MONTEMAYOR ("HERNANDEZ")** was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft.

From in or around 2005 to in or around December 2010, "Foreign State Government Employee 1" was an employee of The Foreign State Government.

"Aviation Corporation A" was a United States company, headquartered in Brownsville, Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government.

"Executive 1" was a citizen of the United States and a resident of Texas.  Executive 1 was an employee of Aviation Corporation A from in or around 1975 to at least in or around September 2015.  Executive 1 was an owner of Aviation Corporation A from in or around 1993 through in or around 2010.

"Executive 2" was a citizen of the United States and a resident of Texas.  Executive 2 was the Director of Maintenance of Aviation Corporation A from in or around 1978 through at least in or around September 2015.  Executive 2 was an owner of Aviation Corporation A from in or around 1993 through in or around 2010.

"Aviation Corporation B" was a United States company, headquartered in Houston, Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government.

"Executive 3" was a citizen of the United States and a resident of Texas.  Executive 3 was an owner of Aviation Corporation B.

From in or around 2006 through at least in or around December 2010, United States citizens, including Executive 1, Executive 2, Executive 3 and others, knowingly, willfully, and corruptly agreed to make payments to **HERNANDEZ** to influence **HERNANDEZ** in his official capacity and to secure an improper advantage for companies located in the United States (collectively, "the U.S. Companies"), including Aviation Corporation A, Aviation Corporation B, and others, in order to assist the U.S. Companies in obtaining and retaining business with The Foreign State Government.

From in or around 2006 through at least in or around December 2010, **HERNANDEZ** knowingly and willfully conspired with individuals known and unknown, including Foreign State Government Employee 1, Executive 1, Executive 2, Executive 3, and others, to use the proceeds of the bribery scheme to engage in monetary transactions from U.S. bank accounts that affected interstate commerce and were of a value greater than $10,000.

For example, on or about April 19, 2010, **HERNANDEZ,** Foreign State Government Employee 1, and others knowingly and willfully used, and caused to be used, the proceeds of the bribery scheme to issue a $40,000 check from **HERNANDEZ's** bank account in Texas and to deposit the $40,000 check into Foreign State Government Employee 1's bank account.

In furtherance of the conspiracy, **HERNANDEZ** and his co-conspirators, including Foreign State Government Employee 1, Executive 1, Executive 2, Executive 3, and others,

knowingly and willfully used, and caused to be used, the proceeds of the bribery scheme to engage in monetary transactions in excess of $10,000 totaling more than $2,000,000.

### Breach of Plea Agreement

16.     If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18.     Defendant agrees to make a complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security

information.  Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

21.     Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of $2,026,308.67 against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him and in favor of the United States of America.  Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.  Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

22.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.     Defendant consents to the order of forfeiture becoming final as to Defendant at the time of sentencing, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.     Defendant waives any requirements of Rules 7, 32.2, and 43(a) of the Federal Rules of Criminal Procedure regarding forfeiture, including notice of the forfeiture in the information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgement. Defendant understands that the personal money judgment referenced in Paragraph 21 above is part of the sentence that may be imposed in this case.

25.     Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge forfeiture in any manner, including by direct appeal or in a collateral proceeding.

## Fines

26.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27.     This written Plea Agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.     Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _____Houston, TX_____, Texas, on ____09 December____, 20_15_.

_____
Defendant

**APPROVED:**

Kenneth Magidson
United States Attorney

By: _____
JESSE SALAZAR
Assistant United States Attorney
Southern District of Texas
Telephone: 956.992.9424

By: _____
STANLEY G. SCHNEIDER
Attorney for Defendant

Andrew Weissmann
Chief, Fraud Section
Criminal Division
Department of Justice

_____
CHRISTOPHER CESTARO
KEVIN R. GINRGAS
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
Telephone: 202.714.0735

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| ERNESTO HERNANDEZ MONTEMAYOR, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____    12-5-15
Attorney for Defendant            Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

14

which may apply in my case.  I have read and carefully reviewed every part of this Plea Agreement

with my attorney.  I understand this Agreement and I voluntarily agree to its terms.

_____          12 - 9 - 15
Defendant                                              Date

15